THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| EDWARD G. BYFORD, JR., | |
|---|---|
| Plaintiff, | **Case No. 3:11-cv-00193-RRB** |
| vs. | |
| CHARLES MICHAEL CHENAULT, et al., | **ORDER of DISMISSAL** |
| Defendants. | |

I.  SECTION 1915 SCREENING

Edward G. Byford, Jr., representing himself, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that defendants have violated his constitutional rights.[1] Mr. Byford has also applied to waive the filing fee and for appointment of counsel.[2] The court is, therefore, required to review the complaint, and to dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3]

In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleadings and

---

[1] Docket 1.

[2] Docket 3 - 5.

[3] 28 U.S.C. § 1915(e)(2)(B).

give the plaintiff the benefit of the doubt.[4]  Before a court may dismiss Mr. Byford's complaint for failure to state a claim upon which relief may be granted, the court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[5]  In this case, amendment would be futile.

## II.  HABEAS CORPUS REMEDY

As a federal court, this court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases.  It is Mr. Byford's burden, as the plaintiff, to show that this court has jurisdiction to hear the

---

[4]   *See Porter v. Ollison*, 620 F.3d 952 (9th Cir. 2010) ("Prisoner *pro se* pleadings are given the benefit of liberal construction. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) ('A document filed pro se is to be liberally construed')."); *see also Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

[5]   *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)").

ORDER OF DISMISSAL - 2
3:11-CV-0193-RRB

Case 3:11-cv-00193-RRB   Document 7   Filed 10/26/11   Page 2 of 9

claims.[6] This court is not a court of appeals for state court decisions.[7] That is, Mr. Byford cannot appeal an adverse state court decision to this court. Here, it appears that this is what Mr. Byford is attempting.[8]

Mr. Byford alleges that his rights were violated by a variety of individuals, which appear to have resulted in his recent conviction in State of Alaska Superior Court Case Number 3KN-09-01800CR. Thus, habeas corpus (after full exhaustion of his state court remedies) is the exclusive federal remedy:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

---

[6] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[7] *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[8] *But see In re Guntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (noting an exception for writs of habeas corpus: "Rather than leaving state court judgments undisturbed, it provides expressly for federal collateral review of final state court judgments, see, e.g., 28 U.S.C. § 2254, and requires exhaustion of state remedies as a precondition for federal relief, *see* 28 U.S.C. § 2254(b)(1)(A).").

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[9]

Further, "[t]he fact that [a plaintiff] seeks money damages . . . as a remedy does not alter this conclusion."[10]

If Mr. Byford wishes to complain of actions of the defendants which have resulted in his state court conviction, he may file may file a timely[11] petition for writ of habeas corpus after all issues that he wishes to raise are exhausted in state court by

---

[9] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"); *see also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996), extending *Heck v. Humphrey* to federal prisoners and *Bivens* actions.

[10] *See Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

[11] There is a one-year limitations period in which to file a habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1); *see also, Wixom v. State of Washington*, 264 F.3d 894 (9th Cir. 2001) (state court of appeals' denial of petitioner's motion to modify ruling affirming conviction and sentence was a final order, so that expiration of the time to appeal that final order triggered one-year limitations period for filing petition for habeas relief).

ORDER OF DISMISSAL - 4
3:11-CV-0193-RRB

presentation first to the Alaska Superior Court then, if he is unhappy with that result, to the Alaska Court of Appeals and then, if he is unhappy with that result, in a petition for hearing to the Alaska Supreme Court.[12]

**III. IMMUNITY**

In addition, Mr. Byford has listed as defendants a judge, witnesses in his criminal trial, a legislator, and attorneys in the State Attorney General's Office.[13] Most, if not all, of these defendants may be immune from suit.[14] However, for the other reasons explained in this order, the court need not specifically decide this issue.

---

[12] *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court.... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."); *Zichko v Idaho*. 247 F.3d 1015, 1022 (9th Cir. 2001) ("A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)").

[13] Docket 1 at 2 - 4.

[14] *See, e.g., Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (judicial immunity); *Kalina v. Fletcher,* 522 U.S. 118 (1997) (discussing perimeters of prosecutorial immunity); *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (prosecutorial immunity); *Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945 (9th Cir. 2010) (discussing the perimeters of legislative immunity, and individual versus official capacity claims); *Cruz v. Kauai County*, 279 F.3d 1064, 1068 (9th Cir. 2002) (discussing witness immunity).

**IV. STATUTE OF LIMITATIONS**

Mr. Byford has also claimed of events that occurred far beyond the two-year limitations period for filing a civil rights action in this court[15] and appear to involve a long-term feud between Mr. Byford and two of the defendants in particular. For instance, Mr. Byford claims: "On 6-26-06, Sharlyn Sue Wright filed a false police report with Trooper Terrence Shanigan [also a defendant] to keep Edward Byford off his leased commercial property in Sterling Alaska, when Edward Byford tried reporting Charles Michael Chenault and Sharlyn Sue Wright's criminal activities to the troopers."[16] Mr. Byford also claims, for example: "On 3-10-08, Edward Byford filed a complaint with Sgt. Dan Donaldson with the Alaska State Troopers about the abuse from Charles Michael Chennault and Sharlyn Sue Wright. Sharlyn Sue Wright filed a stalking order against Edward Byford and naming Sgt. Dan Donaldson as a co-conspirator in an attempt to stop Edward Byford from filing any reports and having any credibility with the Department of Public Safety. Later

---

[15] *See Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citations omitted); *see also Carpenteria Valley Farms v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2008) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."); *see also* AS 09.10.070.

[16] Docket 1 at 5.

stalking order was proven false and dismissed."[17]  Mr. Byford complains of the "theft" of his property, allegedly by Ms. Wright, in 2005 - 2006.[18]  To the extent that Mr. Byford's claims involve events that occurred more than two years before he brought this action, his claims are likely to be barred by the statute of limitations.[19]

## V. FRIVOLOUS AND IMPLAUSIBLE CLAIMS

Most important in this case is that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[20]  A complaint may be dismissed as frivolous if it "merely

---

[17] *Id.*

[18] *Id.* at 8 - 9.

[19] *But see, ee e.g., Smith v. Thompson*, 923 P.2d 101, 105 (Alaska 1996) (a statute may be equitably tolled when the plaintiff has more than one legal remedy available and "(1) pursuit of the initial remedy gives defendant notice of plaintiff's claim, (2) defendant's ability to gather evidence is not prejudiced by the delay, and (3) plaintiff acted reasonably and in good faith.  The statute is tolled only when the initial remedy is pursued in a judicial or quasi-judicial forum").

[20] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

repeats pending or previously litigated claims,"[21] as set forth above.[22]

"Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional."[23] And claims must be factually plausible as well.[24] The court finds the claims alleged by Mr. Byford to be factually implausible.

**IT IS HEREBY ORDERED that:**

1. This case is **DISMISSED** without prejudice to filing a timely petition for writ of habeas corpus after Mr. Byford fully exhausts all of his available state court remedies.

2. The application to waive the filing fee and for appointed counsel at **Dockets 3** and **4** are **DENIED.**

---

[21] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

[22] *See State of Alaska v. Edward G. Byford, Jr.*, 3KN-09-01800CR.

[23] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.") *Id*. at 325.).

[24] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

3. The Clerk of Court is directed to enter a judgment in this case.

ENTERED this 26th day of October, 2011.

                                        S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE